UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUND | CIVIL ACTION |
| VERSUS | NO. 23-1805 |
| COASTAL DEVELOPMENT GROUP INC OF GREATER NEW ORLEANS ET AL | SECTION "L" (5) |

## ORDER AND REASONS

Pending before the Court is a Motion to Dismiss for Failure to State a Claim by Defendants Coastal Development Group Inc. of Greater New Orleans and Bienville Broads, LLC ("Coastal" and "Bienville," or, collectively, "Defendants"). R. Doc. 6. Plaintiff Christopher Ivan Lund ("Lund") oppose the motion, R. Doc. 8, and Defendants have filed a reply, R. Doc. 12. Having considered the briefing and the applicable law, the Court rules as follows.

### I.   BACKGROUND

This case arises from the April 2018 tax sale of immovable property at 3420-22 Bienville Avenue ("the Property") in New Orleans, Louisiana. R. Doc. 6-13 at 2. Coastal purchased a 99 percent interest in the Property at the sale. *Id.* It paid the outstanding taxes on the property and recorded the tax sale certificate in Orleans Parish records in May 2018. On June 23, 2020, Coastal filed a petition to quiet title in the Civil District Court for the Parish of Orleans ("Orleans Parish CDC"). R. Doc. 6-3 at 1. Lund filed an answer to the suit, R. Doc. 6-4, and Coastal filed a Motion for Summary Judgment on the title issue on April 21, 2021, R. Doc. 6-5. In its motion, Coastal argued that the City of New Orleans ("the City") had issued adequate notices on the unpaid ad valorem taxes, the tax sales, and the City's intent to sell the Property. *Id.* at 8. Coastal alleged that Lund received notice of tax sales in 2015, 2017, and 2018, with two receipt "green

1

cards" having been signed and returned to the City. *Id.* The record does not show that Lund responded to Coastal's motion, and he does not allege that he did. On November 3, 2021, the Honorable Rachael Johnson ("Judge Johnson") issued a final judgment confirming and quieting Coastal's title to the 99 percent interest in the Property, and enjoining Lund or any successors from claiming interest in the Property. R. Doc. 6-6 at 2.

Subsequently, on April 4, 2022, Lund filed a Motion for New Trial. R. Doc. 6-7. In that motion, Lund alleged that the judgment for Coastal was an absolute nullity, because in its quiet title petition Coastal relied on an eighteen-month redemptive period rather than the three-year period authorized by the tax sale deed. *Id.* at 1. Lund argued that, under the three-year redemptive period, he would have had until May 29, 2021 to redeem. *Id.* Lund further alleged that the November 3, 2021 Notice of Judgment was sent to an old work address rather than to the address that he had listed on his answer to the suit, and that he was never personally served despite affidavits by the process server. *Id.* at 2. In a subsequent Motion for an Absolute Nullity, filed on April 11, 2022, Lund argued that the judgment for Coastal was an absolute nullity— again, arguing that Coastal did not have the right to avail itself of the eighteen-month redemptive period rather than the three-year period provided for in the tax sale deed. R. Doc. 6-8 at 9.

Orleans Parish CDC denied both of Lund's motions on May 9, 2022. R. Doc. 6-9 at 1; R. Doc. 6-10 at 2. At Lund's request, Judge Johnson provided a written Reasons for Judgment on August 11, 2022. R. Doc. 6-11 at 1. The state court found that Lund could not assert any of the nullities available under Louisiana state law, and that it did not need to determine the applicable redemptive period because Lund had not made any attempt to redeem the property in eighteen months *or* three years. *Id.* at 4.

Lund appealed the trial court's decision, and on January 11, 2023 the Louisiana 4th Circuit Court of Appeal affirmed. R. Doc. 6-13 at 1. The appeals panel agreed that Lund "failed to avail himself of redemption" even within the longer three-year period that he argued applied. *Id.* at 7. The appeals court also rejected the argument Lund made on appeal that the answer he filed in Coastal's lawsuit suspended the redemption period. *Id.* While the appeals court had held in a previous instance that filing a lawsuit within the redemption period may in some cases interrupt it, answering another's lawsuit was not "a demand to enforce [his] legal right to redemption." *Id.* at 8.

On February 13, 2023, Lund petitioned for a writ of certiorari in the Louisiana Supreme Court. R. Doc. 6-14. However, on April 12, 2023, the Supreme Court denied his application because it was "not timely filed." R. Doc. 6-15.

On May 30, 2023, Lund filed his complaint in this Court against Coastal, the third-party buyer Bienville Broads, and the City. In his complaint, Plaintiff alleges that he is the owner of the Property now and was at the time of the tax sale. R. Doc. 1 at 2. Plaintiff alleges that he executed a mortgage with CityWide Mortgage Company ("CityWide") on January 11, 2003, and that CityWide subsequently assigned its interest in the mortgage to the Federal National Mortgage Association ("FNMA"). *Id.* Lund alleges that, even though this information was recorded and publicly available, FNMA was not afforded written notice when Lund failed to pay property taxes on the Property. *Id.* Plaintiff alleges that, when the property was sold in a tax sale based on delinquent 2015 taxes, neither the pre-sale advertisement nor the tax sale certificate listed FNMA's interest in the property. *Id.* Lund further alleges that the City also failed to send him notice "which advised the name and address of the tax purchaser along with a copy of the tax sale certificate" less than six months from the end of his redemption period. *Id.*

Lund alleges that La. R.S. 47:2286, which provides that tax sales may be set aside only in the case of certain relative nullities, violates the Due Process Clause of the Fourteenth Amendment because it "restricts the right of tax sale parties to challenge the adequacy of constitutional pre-sale noticing as absolute nullities[.]" *Id.* at 5. Lund seeks a judicial determination as to whether or not the City met statutory requirements under La. R.S. 47:2156(A) and (B) in its pre-sale and post-sale notice of the tax sale, and whether the limitation or elimination of notice in the statute is constitutional. *Id.* at 6.

## II.   PRESENT MOTION

Defendants move to dismiss Plaintiffs' claims on the grounds that it is barred by res judicata. Defendants argue that all issues arising from the sale of the Property were adjudicated in a state court proceeding in which judgment is final and Plaintiff has exhausted his right to appeal. R. Doc. 6-1 at 1.

Defendants argue that all factors of the Louisiana test for res judicata favor dismissal of Plaintiff's claim. *Id.* at 5. Defendants argue that every kind of relief Lund seeks was adjudicated in state court, and that his suit was subject to a final decision by Judge Johnson. *Id.* at 6. Subsequently, the trial court's decisions were affirmed on appeal, and then Lund failed to timely file to the Supreme Court. *Id.* Defendants argue that any issues he failed to raise are merged into those judgments, and he cannot use federal court as a forum to assert the same claims he did bring or could have brought in state court. *Id.* Defendants argue that, pursuant to Louisiana's res judicata statute, La. R.S. 13:4231, all claims Lund asserted in his federal court complaint were extinguished by the final judgment in state court. *Id.* at 8. Defendants argue that the finality and validity of the judgment are "undisputed," and that Lund's constitutional challenge to the notice statutes arise out of the same underlying transaction as the state court proceedings. *Id.* at 9.

4

Defendants argue that, because his challenge—even if requesting novel or different relief—arises from "the same nucleus of operative facts" as the state court judgment, it must be dismissed. *Id.* at 10.

In opposition, Plaintiff argues that he "has the right to challenge the nonexistence of the post-sale notice without suffering the harm of loss of the right to challenge the constitutionality of the lack of pre-sale notice to Fannie Mae or the absolute nullity of the tax sale." R. Doc. 8 at 2. He argues that, under Louisiana law, an absolute nullity can be challenged in a collateral proceeding at any time, and that absolutely null judgments are subject to res judicata. *Id.* at 7. Lund argues that the requirements of res judicata are not met in this case because "the judgment was predicated on a tax sale where there was a lack of notice in violation of . . . the Fourteenth Amendment" and the Louisiana constitution. *Id.* at 8. Neither Coastal nor the City provided post-sale notice to Lund within six months of the expiration of the redemptive period, Lund argues. *Id.* at 15. As a result, he argues, the tax sale is an absolute nullity and in violation of the U.S. and Louisiana constitutions. *Id.*

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court

must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

## IV. DISCUSSION

"[R]es judicata[] bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services, Inc., v. Singh*, 428 F.3d 559 (5th Cir. 2005). Here, Louisiana res judicata law applies because "[f]ederal courts sitting in diversity apply the [res judicata] law of the forum state." *Dotson v. Atlantic Specialty Insurance Company*, 24 F.4th 999, 1102 (5th Cir. 2022). Under La. R. S. § 13:4231, five requirements must be met for res judicata to bar a lawsuit: "(1) the [original] judgment is valid; (2) the [original] judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation."

Significantly, the Fifth Circuit has noted that "generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." When a party nevertheless raises res judicata on a motion to dismiss, "the party urging res judicata has the burden of proving each essential element by a preponderance of the evidence." *Webb v. Town of St. Joseph*, 560 Fed. App'x 362 (5th Cir. 2014) (holding that dismissal was not proper

on res judicata grounds when Defendants failed to prove one element of res judicata by a preponderance of the evidence).

In this instance, however, the extensive procedural history recounted above makes it clear that Plaintiff's lawsuit in this Court is barred by res judicata. Plaintiff argues that his claims are not barred because the first prong of the La. R. S. § 13:4231 test is not met: Lund argues that the judgment is not "valid," as is required by the statute, because the tax sale was an absolute nullity. But Lund filed a Motion for Absolute Nullity of Quiet Title in state court, R. Doc. 6-8. Judge Johnson denied that motion, R. Doc. 6-11 at 4, finding that the Court did not need to determine which redemptive period applied because Lund did not attempt to redeem the property within either. *Id.* at 4. Further, as Lund acknowledges in his complaint in this Court, Louisiana law makes it clear that a tax sale may only be set aside in the event of "a payment nullity, redemption nullity, or a nullity under R.S. 47:2162[.]" La. R.S. 47:2286. Judge Johnson found that he could assert none of these grounds. R. Doc. 6-11 at 3. The Fourth Circuit Court of Appeals, in its opinion on Lund's appeal of his Motion for a New Trial, noted that Lund did not appeal the Motion for Absolute Nullity. R. Doc. 6-13 at 4.

The state court judgment is indisputably final. As is discussed above, the Louisiana Supreme Court extinguished Plaintiff's appeal because he failed to timely file. Similarly, there is no question that the parties and cause of action are the same—in the state court lawsuit, Coastal sued Lund to determine rights to the Property; and in this lawsuit, Lund has sued Coastal seeking a declaratory judgment on his rights to the same property. The transaction at issue in the state court litigation—the tax sale of the property—is the same occurrence that is the foundation of Plaintiff's complaint in this Court. Finally, and most significantly, all causes of action that Plaintiff has asserted in this Court existed at the time of the Louisiana Supreme Court's final

judgment. Every court that considered Lund's petition did so after even a three-year redemptive period on the Property would have expired. Given the timeline, he could have pressed the issue of the notice he received pre- or post-tax sale, or the constitutionality of Louisiana's notice statutes, during the state court litigation. He did not do so, and the role of the federal courts is not to provide litigants another bite of the apple when they dislike a state court's ruling or failed to timely pursue an appeal.

A preponderance of the evidence supports Coastal and Bienville's contention that res judicata bars Plaintiff's suit in this form. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss be **GRANTED**. The Clerk's Office is directed to dismiss this action with prejudice.

New Orleans, Louisiana, this 17th day of August, 2023.

_____
UNITED STATES DISTRICT JUDGE