UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUND | CIVIL ACTION |
| VERSUS | NO. 23-1805 |
| COASTAL DEVELOPMENT GROUP INC OF GREATER NEW ORLEANS ET AL | SECTION "L" (5) |

## ORDER

Defendants Coastal Development Group Inc. of Greater New Orleans and Bienville Broads, LLC (together, "Defendants") move for sanctions against Plaintiff Christopher Lund and his attorney, Gregory Swafford pursuant to Fed. R. Civ. P. 11. R. Doc. 9. Defendants argue that, as an experienced attorney, Swafford was "reasonably expected" to recognize that his client's complaints were barred by res judicata, and that the Plaintiff's complaint "appears designed for no purpose other than to drive up the costs of litigation and create unnecessary delay." R. Doc. 9-1 at 6. In response, Plaintiff argues that his complaint was an attempt to vindicate his due process rights and regarded a "substantial property issue," and therefore sanctions are inappropriate. R. Doc. 19 at 4.

Rule 11 places an affirmative duty on an attorney submitting a notion to certify that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . ."

1

Fed. R. Civ. P. 11(b). The purpose of Rule 11 "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits." *Florance v. Bush*, No. 3:09-CV-1470-B-BH, 2010 U.S. Dist. LEXIS 68229, at *7 (N.D. Tex. June 24, 2010) (citing *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)). "Courts judge compliance with Rule 11's standards under an objective reasonableness standard, evaluating the circumstances as they existed at the time the challenged filing was signed by the lawyer or litigant." *Heisler v. Kean Miller, LLP*, No. 21-724, 2021 U.S. Dist. LEXIS 239263, at *7-8 (E.D. La. Dec. 15, 2021). When a party asks for Rule 11 sanctions based on the submission of a filing, the Fifth Circuit relies on a "snapshot" evaluation, "focus[ing] upon the instant when the picture is taken—when the signature is placed on the document." *Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 874 (5th Cir. 1988).

In this instance, the Court notes that the Plaintiff's argument was ultimately unavailing, but it does not find that, at the time of filing, counsel for the Plaintiff intended to "harass" Defendants or that his argument for "modifying . . . . existing law" was objectively unreasonable. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion be **DENIED**.

New Orleans, Louisiana, this 22nd day of August, 2023.

UNITED STATES DISTRICT JUDGE